[Decided June 29, 1893; modified October 25, 1893.]

## DURKHEIMER *v.* HEILNER.

[S. C. 33 Pac. Rep. 401.]

DISSOLUTION OF PARTNERSHIP—ACCOUNTING—RECEIVER.—In a suit for the
dissolution of partnership, and an accounting, the court should appoint
a receiver to convert the property into cash, and should award each
partner his share of the net assets, after payment of firm liabilities, less
what he may have already received.

LEDGER ENTRIES AS EVIDENCE are inadmissible without supporting proof
from the original entries, unless they are admitted without objection.

Baker County: MORTON D. CLIFFORD, Judge.

Defendants appeal.  Modified.

*T. H. Crawford,* and *T. C. Hyde,* for Appellants.

*Bailey & Balleray, C. A. Johns,* and *Charles F. Hyde,* for
Respondents.

MR. JUSTICE MOORE delivered the opinion of the court:

This is a suit brought by the plaintiff against the
defendants to dissolve a partnership alleged to have existed
between them, under the firm name of Heilner, Otten-
heimer & Co., and for an accounting.  The cause was
referred to a referee to take the testimony, and the court
upon the hearing rendered a decree against the defendants
S. A. Heilner and S. Ottenheimer for the sum of thirteen
thousand one hundred and ninety-two dollars and ninety-
eight cents, and the costs and disbursements, from which
they appeal.  It appears from the evidence that on March 8,
1885, the plaintiff and defendants entered into a partner-
ship at Baker City, Oregon, with a capital of seventy-three

thousand two hundred and thirty-two dollars and thirty-eight cents, of which plaintiff furnished twenty-five thousand five hundred and five dollars and fifty-nine cents, the defendant Heilner twenty-one thousand one hundred and thirty-two dollars and thirty-nine cents, and the defendant Ottenheimer twenty-six thousand five hundred and ninety-four dollars and forty cents; that on August 10, 1885, the stock of goods owned by the firm was sold to defendant Ottenheimer for twenty-two thousand five hundred dollars, for which he gave three promissory notes for seven thousand five hundred dollars each; that on August 10, 1885, the assets of said firm were as follows:   Accounts, sixty-four thousand one hundred and thirty-seven dollars and eight cents; notes, fifty-six thousand five hundred and twenty-four dollars and ninety-five cents; real estate, five thousand eight hundred and fifty dollars; other personal property, one hundred and seventy-five dollars,— making a total of one hundred and twenty-six thousand six hundred and eighty-seven dollars and three cents, which embraces the notes above mentioned; that the liabilities of said firm on that day were as follows:   To the Baker City creditors, eight thousand six hundred and eleven dollars and seventy-two cents; Portland creditors, twenty-three thousand and thirty dollars and forty-nine cents, and San Francisco creditors thirty-two thousand nine hundred and seventeen dollars,—making a total of sixty-four thousand five hundred and fifty-nine dollars and twenty-one cents; that when the liabilities were paid there would remain as available assets the sum of sixty-two thousand one hundred and twenty-seven dollars and eighty-two cents, and of this sum the court found that the real estate was valued at four thousand dollars,—thus leaving of money, notes, accounts, and. personal property the sum of fifty-eight thousand one hundred and twenty-seven dollars and eighty-two cents; that each partner was entitled to one third of that amount, in addition to the real estate, or the sum of nineteen thou-

sand three hundred and seventy-five dollars and ninety-four cents, and that the plaintiff had received six thousand two hundred and twenty-two dollars and ninety-six cents, leaving a balance of thirteen thousand one hundred and fifty-two dollars and ninety-eight cents due him for which he obtained a decree. This would have been correct if the defendants had converted into money the whole assets as above stated, but it appears that since May 10, 1885, they had collected of the accounts the sum of forty-two thousand six hundred and sixty-four dollars and ninety-three cents, and of the notes the sum of forty-four thousand two hundred and eighty-four dollars and ten cents, making a total of eighty-six thousand nine hundred and forty-nine dollars and three cents; that from this sum so collected they had paid the liabilities of sixty-four thousand five hundred and fifty-nine dollars and twenty-one cents, thus leaving a balance of twenty-two thousand three hundred and eighty-nine dollars and eighty-two cents, and that the plaintiff is entitled to one third of that amount, or seven thousand four hundred and sixty-three dollars and twenty-seven cents, and as he had received six thousand two hundred and twenty-two dollars and ninety-six cents he should have had a decree for one thousand four hundred and forty dollars and thirty-one cents instead of the one rendered for thirteen thousand one hundred and fifty-two dollars and ninety-eight cents. The total assets of the firm August 10, 1885, not including the value of the real estate, was one hundred and twenty thousand eight hundred and thirty-seven dollars and three cents; that since the total collections have been eighty-six thousand nine hundred and forty-nine dollars and three cents, that there remains of the notes, accounts, and personal property uncollected and undisposed of, the sum of thirty-three thousand eight hundred and eighty-eight dollars, and that the plaintiff is entitled to one third of this amount when converted into money.

The decree of the court below will be reversed so far as it relates to the amount found due the plaintiff, and one here entered dissolving the copartnership, and rendering a decree in favor of the plaintiff and against the defendants for one thousand four hundred and forty dollars and thirty-one cents, and for his costs and disbursements in this court and in the court below. The cause will be remanded to the court below with directions to appoint a receiver to sell the said notes, accounts, and personal property, and, after payment of the expenses thereon, upon the report of such receiver, a decree will then be entered awarding to plaintiff one third of the net proceeds of such notes, accounts, and personal property.

On REHEARING.

MR. JUSTICE MOORE delivered the opinion of the court:

On a rehearing of this cause, it is claimed that inasmuch as one of the seven thousand five hundred dollar notes of the defendant Ottenheimer was found with other notes of the firm in the bank it must be classed with the unpaid notes due the firm and therefore a part of its assets. The evidence of the plaintiff shows that there has been collected on the notes of the firm forty-four thousand two hundred and eighty-four dollars and ten cents, and he gives a detailed statement of each note collected and the amount thereof, and shows that the three notes of S. Ottenheimer for seven thousand five hundred dollars each had been paid, and that they formed a part of the amount so collected, thus showing that while the said note is in the bank, it has been paid off and now forms no part of the assets of the firm.

It was made to appear at the former hearing that plaintiff had received only six thousand two hundred and twenty-two dollars and ninety-six cents. He testifies that he kept the books and made the entries to February,

XXIV. OR.—18.

1887. By his own entries, he is charged in the ledger with nine thousand one hundred and seventy-two dollars and ninety-six cents and credited with one thousand nine hundred and fifty dollars, and when he struck a balance between these amounts he found it to be six thousand two hundred and twenty-two dollars and ninety-six cents, thereby making a mistake in his favor of one thousand dollars. There are several entries in the ledger after February, 1887, but as the defendants made no proof from the original entries in support thereof, they will not be considered, except in so far as they are admitted by the plaintiff. He is charged in the ledger with having received the proceeds of several notes, and admits that he received the money on the notes of Speelman, Hudspeath, and Weatherby. These notes were for the following amounts: J. Speelman, seven hundred and eight dollars and seventy cents; G. Hudspeath, one hundred and fifty dollars and twelve cents; A. J. Weatherby, eight hundred and thirty-seven dollars and seventy cents,— making a total of one thousand six hundred and ninety-six dollars and fifty-two cents, and in all of eight thousand nine hundred and nineteen dollars and forty-eight cents. He was entitled, after the payment of the debts, to receive one third of the money collected at the commencement of the suit, amounting to seven thousand four hundred and sixty-three dollars and twenty-seven cents, and since he has received eight thousand nine hundred and nineteen dollars and forty-eight cents, this is one thousand four hundred and fifty-six dollars and twenty-one cents more than he was entitled to on account of the collections. It appears that he holds the note of Dan Shaw for three hundred and sixteen dollars and seven cents, which is a part of the thirty-three thousand eight hundred and eighty-eight dollars found to be the total assets of the firm.

It is claimed that the defendants have received more than their share of the amount collected. After the pay-

ment of the debts of the firm there remained a surplus of twenty-two thousand three hundred and eighty-nine dollars and eighty-two cents at the commencement of this suit, of which plaintiff received one thousand four hundred and fifty-six dollars and ninety-one cents more than his share, which must be considered in apportioning his share of the uncollected assets. If the personal property as appraised, and the notes and accounts at their face value, amounting to thirty-three thousand eight hundred and eighty-eight dollars, are in the possession of defendants, they cannot be made chargeable with more than their rightful shares of said surplus, because any amount overdrawn by them must necessarily come from collections on said notes, etc. If, however, it is found that all said notes, accounts, and personal property are not in their possession, and that any collections have been made thereon, or that said personal property has been sold or appropriated, then and in that case they must account to the plaintiff for the deficiency in such assets. It was conceded that plaintiff was entitled to a decree for one third of the real estate of the firm, as described in the pleadings. The decree awarding plaintiff one thousand four hundred and forty dollars and thirty-one cents heretofore rendered will be set aside, and the cause remanded with directions to appoint a receiver to sell the said notes, accounts, and personal property, and after the payment of the expenses thereon, upon the report of the receiver, a decree will then be entered awarding to plaintiff one third of the net proceeds thereof less one thousand four hundred and fifty-six dollars and twenty-one cents.